FILED

2010 NOV -8 PM 12: 0

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) SOUTHLAKE/TRI-CITY RBA CORPORATION ) d/b/a REGIONAL MENTAL HEALTH CENTER ) ) Defendant. ) ) | CIVIL ACTION NO. 2 10CV 444 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Felicia Nichols who was adversely affected by such practices. As alleged with greater particularity in paragraph 9 below, the Commission alleges that Respondent failed to accommodate Nichols and terminated her because she required leave for breast cancer treatment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Southlake/Tri-City RBA Corporation d/b/a Regional Mental Health Center ("Tri-City") has continuously been an Indiana corporation doing business in the State of Indiana and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Tri-City has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. On April 23, 2009, Defendant filed a Certificate of Assumed Business Name and is now doing business under the assumed name, Regional Mental Health Center

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Felicia Nichols filed a charge with the Commission alleging violations of the ADA by Defendant Tri-City. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since approximately April 1, 2009, Defendant employer has engaged in unlawful employment practices at its Hohman Avenue, Hammond Indiana mental health facility, in violation of Section 102(a)(5) of Title I of the ADA, 42 U.S.C. § 12112(a)(5) by denying leave to Felicia Nichols as a reasonable accommodation for breast cancer treatment and then terminating her as a result thereof.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Felicia Nichols of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or reckless indifference to the federally protected rights of Felicia Nichols.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in

discrimination based on disability and any other employment practice which discriminates on the basis of disability.

B.   Order Defendant employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of the alleged past and present unlawful employment practices.

C.   Order Defendant employer to make whole Felicia Nichols, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described in paragraph 9.

D.   Order Defendant employer to make whole Felicia Nichols by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.   Order Defendant employer to pay Felicia Nichols, punitive damages for its malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

*[signature]*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*[signature]*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204
(317) 226-7229
Nancy.edmonds@eeoc.gov