```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
          Plaintiff               )
                                  )
FELICIA NICHOLS,                  )
                                  )
          Intervenor              )
                                  )
     v.                           )   CIVIL NO. 2:10 cv 444
                                  )
SOUTHLAKE TRI-CITY RBA            )
CORPORATION dba Regional Mental   )
Health Center,                    )
                                  )
          Defendant               )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Responses to Its First Interrogatories and First Request for Production of Documents to Defendant [DE 31] filed by the plaintiff, Equal Employment Opportunity Commission, on November 28, 2011, and the Motion for Hearing [DE 36] filed by the defendant, Southlake/Tri-City RBA Corporation d/b/a Regional Mental Health Center, on December 12, 2011.  For the following reasons, the Motion to Compel Responses to Its First Interrogatories and First Request for Production of Documents to Defendant [DE 31] is **GRANTED,** and the Motion for Hearing [DE 36] is **DENIED.**

Background

On November 8, 2010, the EEOC filed a complaint alleging that the defendant, Southlake/Tri-City RBA Corporation, discriminated against Felicia Nichols based on a disability when it denied her leave for breast cancer treatment and terminated her employment. On July 29, 2011, the EEOC served its first set of interrogatories and requests for production on Southlake. The interrogatories sought: (1) identification of all persons involved in the decision to deny the leave (Interrogatory No. 2); (2) facts supporting the affirmative defenses (Interrogatory Nos. 3 and 4); (3) information on the defendant's leave policies (Request No. 2); (4) documents relating to the defendant's efforts to obtain substitute coverage for Nichols (Request No. 3); (5) documents showing how Nichols' patients were covered during her previous time off (Request No. 5); (6) copies of documents relating to leaves granted to comparators who held the same position as Nichols (Request Nos. 7-14); (7) documents providing contact information for Nichols' comparators (Request No. 15); (8) contact information for persons who worked at Nichols' facility during 2009 (Request No. 16); (9) the personnel file of Nichols (Request No. 17); (10) documents evidencing insurance coverage (Request No. 18); (11) documents showing the defendant's corporate structure and the relationship between

closely related corporate entities (Request No. 19); (12) financial information (Request Nos. 21 and 22); (13) documents providing contact information for Nichols' replacement (Request No. 25); and (14) copies of disability discrimination complaints received by defendant (Request No. 26).

Southlake responded to the interrogatories and requests for production on October 14, 2011. The EEOC found the responses insufficient and objected to many of the privileges Southlake asserted in response. On October 18, 2011, counsel for the EEOC contacted Southlake by letter, advising Southlake that its responses were incomplete, and asked Southlake to provide case law substantiating its objections or to schedule a discovery conference.

The parties held a discovery conference on November 1, 2011. At the conference, the defendant agreed to supplement several of its responses and to provide a privilege log if documents were withheld. The EEOC agreed to forego responses to certain requests and to check whether a response was necessary to Request No. 25. Counsel for the EEOC sent a letter confirming the parties' agreement. Defense counsel responded on November 7, 2011, advising that they determined that the objections raised in response to the discovery request had a valid and well-founded basis in law and procedure. Defense counsel supplemented its

3

response to Request No. 17 and provided Nichols' personnel file, but they have not supplemented their responses to the remaining requests, including those agreed upon at the November 1, 2011, meeting.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D.

Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle,** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." **Gregg v. Local 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); **McGrath v. Everest Nat. Ins. Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); **Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. **Cunningham v. Smithkline Beecham**, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* **Graham v. Casey's General Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted).  Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(*examining* *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

Southlake initially opposed the EEOC's discovery requests as being overly broad and irrelevant.  Southlake specifically criticized the EEOC's definition of "document" as being ambiguous and demanding too broad of an array of documents.  The EEOC defined document to include, but not limited to, "all writings, files, drawings, graphs, charts, brochures, diaries, reports, calendars, inter-office communications, statements, announcements, tape recordings, e-mail, photographs, phonograph records, electronic records, and other data compilations from which information can be obtained, including all forms of computer storage and retrieval, translated if necessary".  Southlake complained that the definition itself did not completely define

6

what a document was, and enforcing such an ambiguous definition would place Southlake in a quandary because it could face sanctions for failing to provide documents which Southlake was unaware were necessary to produce.

Federal Rule of Civil Procedure 34(a)(1)(A) states that a party may request "any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Black's Law Dictionary also defines document as "[s]omething tangible on which words, symbols or marks are recorded."  The EEOC's definition of document was consistent with these definitions, and if anything, was more specific as to the type of response it sought.  The EEOC defined document to encompass the terms laid out in Rule 34 and laid out additional items that might qualify as a document both under Rule 34's definition and Black's Law Dictionary's.  The EEOC's definition was not overly broad simply because it stated that the definition was "not limited to" the listed items.  Rather, the definition was intended to encompass any tangible methods on which words or symbols were recorded.  It is impossible to list every possible

source of such information, yet a vague, undescriptive definition would not provide enough information. The court finds that the EEOC's definition was reasonable and not overly broad.

Southlake has complained that it may have faced sanctions if it had not produce everything that the definition encompassed, and that the EEOC was bullying it into producing documents it should not be compelled to produce. However, Southlake's concern was speculative and did not take into account that it may avoid sanctions by showing that it had a justified reason for failing to produce certain documents. Southlake was not being "bullied", rather it was being subjected to the normal course of discovery and the tools available to litigants.

Although Southlake stated in its opening brief that the EEOC's discovery requests were irrelevant and overly broad, it has not substantiated its boilerplate defense with any explanation. Southlake must do more than assert that the requests are irrelevant and overly burdensome.

Southlake has raised the same objection in response to the EEOC's demand for a privilege log. Southlake believes that it cannot identify which documents it must list in the privilege log because the definition of "document" is ambiguous. The court already has found that the definition of document was not ambiguous. Southlake bears the burden of establishing that the

requested information was subject to privilege. However, Southlake has not submitted a privilege log or demonstrated why each requested document was shielded from discovery by privilege. "A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery." *Miller v. City of Plymouth*, 2011 WL 1740154, *4 (N.D. Ind. May 5, 2011)(*citing* *Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 608 (N.D. Ill. 2010) ("[F]ailure to serve an adequate privilege log may result in a waiver of any protection from discovery.")). For this reason, Southlake has waived any objections of privilege, and must produce the requested information.

To prove that Southlake treated similarly situated employees not in the protected class more favorably, the EEOC requested leave information for employees who held or currently hold the same type of position as Felica Nichols. Southlake has objected that holding the same or a similar position alone is not enough to show that the employee was similarly situated, and the request is, therefore, overly broad and irrelevant. However, the scope of discovery is broad and encompasses everything that may lead to admissible evidence. *Chavez,* 206 F.R.D. at 619. The leave granted to other employees who held Nichols' position may lead to evidence tending to show that Southlake treated Nichols less

favorably than people outside the protected class by granting them leave for medical conditions or that Southlake's justification was a pretext for discrimination.  The EEOC has requested the information for people who not only held Nichols' position, but also people who requested leave.  For this reason, these co-workers were similarly situated, and the information is not only relevant, but likely essential to the EEOC's case.  Southlake has not met its burden by demonstrating that the requested information is irrelevant.

_____

Based on the foregoing, the Motion to Compel Responses to Its First Interrogatories and First Request for Production of Documents to Defendant [DE 31] filed by the plaintiff, Equal Employment Opportunity Commission, on November 28, 2011, is **GRANTED**, and the Motion for Hearing [DE 36] filed by the defendant, Southlake/Tri-City RBA Corporation d/b/a Regional Mental Health Center, on December 12, 2011, is **DENIED.**

ENTERED this 12th day of March, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge