UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| AND FELICIA NICHOLS, Intervenor | ) ) 2:10-cv-00444-PPS-APR |
| v. | ) ) |
| SOUTHLAKE COMMUNITY MENTAL HEALTH CENTER INC. d/b/a REGIONAL MENTAL HEALTH CENTER | ) ) ) ) |
| Defendant. | |

# Consent Decree

The Equal Employment Opportunity Commission ("Commission") filed this action against Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center ("Regional") on November 9, 2010, alleging a violation of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991. The Commission's Amended Complaint alleges that Regional discriminated against Felicia Nichols by refusing to accommodate her disability and by terminating her employment because of her disability.  The Commission brought this action to correct Regional's unlawful employment practices.  Felicia Nichols intervened and filed an Amended Complaint on January 20, 2011.  Defendant does not admit liability and denies the allegations asserted by the plaintiff EEOC and the intervenor-plaintiff, Felicia Nichols.  The parties have advised the Court that

they desire to resolve the allegations in the Amended Complaints without the burden, expense and delay of further litigation.  The Commission, Nichols and Regional hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the Americans with Disabilities Act will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

**A. Injunctive Relief**

1. Geminus Corporation ("Geminus") provides management, human resources, clerical and administrative services to Regional and Regional is the sole corporate member of Geminus.  Because Geminus oversees the human resources functions for Regional, this section regarding injunctive relief as well as section C, regarding posting, training and distribution of Anti-Discrimination Policy, shall apply both to Regional and to Geminus.

2. Regional and Geminus, their officers, managers and employees are permanently enjoined from engaging in unlawful employment practices based on disability.

3. Regional and Geminus shall engage in the interactive process with any

employee who has a disability and needs an accommodation under the ADA.

4. Regional and Geminus shall consider granting leave as a reasonable accommodation for employees with a disability, regardless of whether the employee has available FMLA time.

5. Regional and Geminus and their officers, managers and employees are permanently enjoined from discriminating or retaliating against any person: (i) because of opposition to any practice based on disability and made unlawful under the Act; (ii) because such person files a Charge of Discrimination alleging an unlawful employment action based on disability; or (iii) because such person participates in any manner in any investigation, proceeding, or hearing under the Act.

**B. Monetary Relief**

6. Regional shall pay to Felicia Nichols a total of $100,000. Of this amount, $20,000 represents back pay damages and $80,000 represents compensatory damages. Regional shall also make a payment of $100,000 to Nichols attorneys, Asher, Gittler & D'Alba, Ltd. for attorneys fees and costs.

7. Regional will not deduct from Nichols' back pay damages the amount of its share of any costs, taxes or social security it is required by law to pay. Regional will issue an Internal Revenue Service Form 1099 for the amounts of damages deemed compensatory damages. Nichols will be responsible for any and all taxes required by law on the compensatory damages award. Asher, Gitler and D'Alba will be responsible for any and all taxes required by law on the attorney fees

and costs award.

8.	The payments to Felicia Nichols shall be made by check payable jointly to Felicia Nichols, or to her heirs or assigns in the event of her death, and to Asher, Gittler & D'Alba, Ltd.  No more than fourteen days from the entry of this Decree by the Court, the Commission will forward a release to Ms. Nichols for her execution. A copy of the release is attached hereto as Appendix A. The Commission will notify counsel for Regional upon receipt of the release executed by Ms. Nichols. Then, within *thirty* days from the entry of this Decree by the Court, or within five days of the Commission's notification that it has received the release signed by Ms. Nichols, whichever is later, Regional shall mail the settlement check(s) to Asher, Gittler & D'Alba, Ltd, 200 W. Jackson Blvd. Suite 1900, Chicago, IL 60606.  Regional shall mail a copy of the check and proof of its delivery (a signed certified mail receipt) to the Commission in care of the Commission's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204. The Commission shall forward Ms. Nichols' executed release to counsel for Regional upon receipt of proof of delivery of the settlement check to Ms. Nichols.

9.	The payments of attorney fees and costs shall be made by check payable to Asher, Gittler & D'Alba, Ltd and delivered within *thirty* days from the entry of this Decree by the Court, or within five days of the Commission's notification that it has received the release signed by Ms. Nichols, whichever is later.

### C. Posting, Training and Distribution of Non-Discrimination Policy

10. Regional and Geminus shall post the Notice of Non-Discrimination Policy attached as Appendix B to this Decree in a conspicuous place at each of their facilities. Such Notices shall remain posted throughout the term of this Decree. If the Notices become defaced or unreadable, Regional/Geminus shall replace them immediately by posting another copy of the Notice.

11. Regional/Geminus shall eliminate from the record of Ms. Nichols all reference to her charge of discrimination and participation in this suit. If contacted for references, Regional/Geminus shall state that Ms. Nichols' performance was satisfactory, she is eligible for rehire, and that she earned a bonus for the last period during which she was employed by Tri-City Community Mental Health Center and shall make no reference to her termination, her charge, or her participation in this suit. This provision survives the expiration of this Decree.

12. Within 14 days after the entry of this Decree, Regional shall certify its compliance with Paragraphs 10 and 11 to the Commission in care of the Commission's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.

13. Regional/Geminus agree to conduct annual training during the term of this Decree for all of its officers, managers, the employees of Regional, and the employees of Geminus with human resources responsibilities. All costs associated with the annual training will be borne by Regional.

   a. First Annual Training: Within 30 days after the entry of this Decree, Regional shall contact Phyllis Tucker-Wells, Outreach, Education & Training Manger for the Commission's Indianapolis District Office, to begin arranging the time and location for the first annual training under the Commission's Customer Specific Training program. Ms. Tucker-Wells may be contacted by email (Phyllis.Tucker-Wells@eeoc.gov) or by phone ((317) 226-7469). This session will last approximately two hours and will cover the Act's requirements regarding disability accommodation. The first annual training shall be completed within 180 days after the entry of this Decree.  All employees who are at work when the training is presented must participate in the live training session.  Any employee who is absent or not scheduled work when the training occurs will be provided with a copy of the power point presentation used at the training.

   b. Subsequent Annual Trainings: Thereafter, each annual training session shall last no less than forty-five minutes, must include the duty to accommodate under the ADA and the consideration of leave as a reasonable accommodation and may cover any other equal employment opportunity matter Regional/Geminus deems appropriate, and may be administered by the vendor of Southlake/Geminus' choice.

14. During the term of this Decree, Regional/Geminus shall provide the Commission with annual reports on or before each anniversary date of the entry of this Decree. The annual report shall include the following information:

    a. Training: the date of training during the preceding year, a copy of the agenda of the training session, the identity of the person or persons leading the training, a roster of all individuals who attended the training, and a certification that all of Regional's and Geminus's officers and managers, employees of Regional, and Geminus employees with human resources responsibilities attended the training.

    b. Notice: that the Notice was and has remained posted as required by Paragraph 10 of this decree.

    c. References: whether Regional/Geminus received any requests for references for Ms. Nichols, and, if so, that it complied with Paragraph 11 of this decree.

    d. Requests for accommodation:

      i. The identity of each individual who formally or informally requested an accommodation of leave (under the Americans With Disabilities Act) during the preceding year, including the individual's name, last known telephone number and address, job title, and, if no longer an employee, the individual's social security number;

      ii. A detailed description of each such individual's request;

      iii. A detailed description of the action taken by Regional/Geminus in response to each such request; and

      iv. If Regional/Geminus denies any such request, a detailed description of the reasons for the denial.

15. Regional agrees that the Commission may review compliance with this Decree. As part of such review, the Commission may, upon reasonable notice to Regional and Geminus, inspect the premises, interview employees, and examine and copy documents.

16. In the event that the Commission alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, the Commission will give notice in writing by certified mail, specifically identifying the alleged violation to Regional, with a copy to its counsel. Regional will have thirty (30) days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty (30) days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such allegation, before the Commission exercises any remedy provided by law.

17. The Commission and Regional shall each bear its own costs and attorney fees.

18. The term of this Decree shall be for five (5) years following the date of the entry of this Decree.

19. The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

20. The Clerk is **INSTRUCTED** to administratively close this case.

**SO ORDERED.**

ENTERED: March 11, 2013            s/ Philip P. Simon.
                                   PHILIP P. SIMON, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT

## APPENDIX A
## RELEASE

In consideration of the payment to me by Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center, of $100,000 (less any applicable taxes or withholdings on the backpay award) and the payment made to my attorneys, Asher, Gittler & D'Alba, Ltd, of $100,000 in connection with the resolution of *Equal Employment Opportunity Commission v. Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center* No. 2:10-cv-00444, I waive my right to recover for any claims of discrimination under the Americans With Disabilities Act, as amended, and Title I of the Civil Rights Act of 1991 that I had against Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center and Geminus Corporation, prior to the date of this release and that were included in the claims alleged in the Commission's complaint in *Equal Employment Opportunity Commission v. Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center.*

IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2013.

_____
Felicia Nichols

County of                        )
                                 )SS
State of                         )

Subscribed and sworn to before me this _____ day of _____, 2013.

_____
Notary Public

9

APPENDIX B

# EMPLOYEE NOTICE
## NOTICE OF NON-DISCRIMINATION POLICY

This Notice is posted pursuant to an agreement between Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center and the United States Equal Employment Opportunity Commission, resolving a lawsuit alleging disability discrimination.  The suit alleged that Regional failed to accommodate a disabled employee who required leave and then terminated the employee as a result thereof.  Regional denies the allegations asserted in the lawsuit.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (over 40) or disability.

Federal law prohibits discrimination in the workplace against employees because of their disability. More specifically, an individual's disability is not a factor to be considered in any employment decision. Federal law requires that employers provide reasonable accommodations upon request by an individual with a disability, unless to do so would impose an undue hardship.  This includes consideration of the provision of leave even if an employee does not have FMLA leave available.

Southlake Community Mental Health Center Inc. d/b/a Regional Mental Health Center supports and will comply with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**
**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone:  (317) 226-7212**
**EEOC 800 # 1-800-669-4000**
**TDD (317) 226-4162**